UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

HUBERT GLENN SEXTON and
GENE STANLEY
    Plaintiffs,

v.

CHERRY LINDAMOOD, et al.
    Defendants.

No. 1:16-0071
Senior Judge Haynes

## MEMORANDUM

Plaintiffs, Hubert Glenn Sexton and Gene Stanley, inmates at the South Central Correctional Center ("SCCC") in Clifton, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Cherry Lindamood, Warden of SCCC; the Corrections Corporation of America; and four SCCC staff members. Plaintiff seeks declaratory and injunctive relief.

According to their complaint, Plaintiffs were members of a maintenance repair team at SCCC and on June 30, 2015, discovered that a tool had been broken with missing pieces. Plaintiffs were blamed for the theft and were placed in segregation pending an investigation. Six days later, Plaintiffs were released from segregation and charges were not filed. Plaintiffs, however, were terminated from their work assignment.

Plaintiffs' claim is that they were punished for something that they did not do in violation of their due process rights. Plaintiffs further assert that the Defendants violated their right to "be free from retaliation and excessi[v]e force, by trying and taking steps to shut him out of his constitutional right to file a grievance."

1

Plaintiffs' complaint was received in the Clerk's Office on August 30, 2016. Plaintiffs' claims arose in June and July, 2015, when they were placed in segregation, their work assignments were terminated, and they were able to grieve these events. Thus, it appears that this action is time-barred by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997).

Nothing in the complaint suggests that the statute should be tolled so as to permit the untimely filing of the complaint. The Court, therefore, concludes that the Plaintiffs have failed to state a claim upon which relief can be granted because this action is untimely. Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely prisoner complaint is appropriate). Under such circumstances, the Court is obliged to dismiss the complaint. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

**ENTERED** this 3rd day of January, 2017.

WILLIAM J. HAYNES, JR.
Senior United States District Judge